FILED

2015 JUN 16 PM 3: 49

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNIKEY TECHNOLOGIES, INC.,

Plaintiff,

v.

ASSA ABLOY HOSPITALITY, INC.;
HID GLOBAL CORPORATION;
STARWOOD HOTELS & RESORTS
WORLDWIDE, INC.;
and DOES 1 through 10, inclusive,

Defendants.

Civil Action No: 6:15-cv 986-Orl -28 GJK

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

**INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

Plaintiff Unikey Technologies, Inc. ("Unikey"), by its undersigned attorneys, for its Complaint against defendants Assa Abloy Hospitality, Inc. ("AAHI"), HID Global Corporation ("HID"), Starwood Hotels & Resorts Worldwide, Inc. ("Starwood"), and DOES 1 through 10, inclusive, (collectively, "Defendants"), hereby alleges as follows:

## PARTIES

1.     Plaintiff Unikey is a Florida company, having its principal place of business in Winter Park, FL.

2.     Defendant AAHI, upon information and belief, is a Texas corporation, having a principal place of business in Richardson, Texas.  AAHI may be served through its registered agent, CT Corporation System at 1200 South Pine Island Road, Plantation, Florida.  AAHI makes, uses, sells, offers to sell, and/or imports into the United States, "Mobile Access" hardware and software products, for example, the "VingCard" electronic lock products and related software, and thus infringes the patent described below.

3.     Defendant HID, upon information and belief, is a Delaware corporation, having a principal place of business in Austin, Texas.  HID may be served through its registered agent, CT Corporation System at 1200 South Pine Island Road, Plantation, Florida.  HID makes, uses, sells, offers to sell, and/or imports into the United States, "HID Mobile Access®" hardware and software products, for example, the "iCLASS SE®" and "multiCLASS SE®" mobile-enabled readers, and thus infringes the patent described below.

4.     Defendant Starwood, upon information and belief, is a Maryland corporation, having a principal place of business in Stamford, Connecticut.

Starwood may be served through its registered agent, CT Corporation System at 1200 South Pine Island Road, Plantation, Florida.  Starwood uses, tests, and/or imports into the United States, "Mobile Access" hardware and software products, and thus infringes the patent described below.

5.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendant DOES 1 through 10, inclusive, are not known to Plaintiff, which therefore sues said defendants by such fictitious names.  Plaintiff will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. Plaintiff is informed and believes, and based on such information and belief alleges, that each of the fictitiously named defendants participated in and is in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

6.     Plaintiff alleges on information and belief that each of the defendants named as DOES 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged, and are liable to Plaintiff for the damages and relief sought.

## JURISDICTION AND VENUE

7.     This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, Title 35, § 1, et seq.

8.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

10.     The Court has personal jurisdiction over AAHI because AAHI, among other things, conducts business in and avails itself of the laws of the State of Florida.  AAHI is registered to do business in Florida and has appointed an agent for service of process in Florida.  In addition, upon information and belief, AAHI through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, the accused products described herein, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District.

11.     The Court has personal jurisdiction over HID because HID, among other things, conducts business in and avails itself of the laws of the State of

Florida.  HID is registered to do business in Florida and has appointed an agent for service of process in Florida.  In addition, upon information and belief, HID through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, the accused products described herein, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District.

12.    The Court has personal jurisdiction over Starwood because Starwood, among other things, conducts business in and avails itself of the laws of the State of Florida.  Starwood is registered to do business in Florida and has appointed an agent for service of process in Florida.    In addition, upon information and belief, Starwood through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, the accused products and/or services described herein, through regular distribution channels, knowing such products and/or services would be used, offered for sale and/or sold in this District.

## PATENT-IN-SUIT

13.     United States Patent No. 9,057,210, entitled "Wireless Access Control System and Related Methods" (hereinafter, "the '210 patent") was duly and legally issued on June 16, 2015.  A copy of the '210 patent is attached as Exhibit A.

14.     Unikey is the assignee and owner of the right, title, and interest in and to the '210 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

15.     Unikey's patented technology as described and claimed in the '210 patent generally relates to wireless access control systems for door locks. Unikey's innovative wireless access control systems provide an increased level of convenience over conventional "lock and key" mechanisms, and the Unikey systems address and provide improvements over prior art systems in terms of simplicity, speed, distance, location, battery life, and convenience.

## DEFENDANTS' INFRINGEMENT

16.     AAHI, based on information and belief, makes, uses, tests, demonstrates, sells, offers to sell, and/or imports into the United States "Mobile Access" hardware and software products used for wireless access control in

various applications such as door access. These products, such as the "VingCard" electronic lock products and related software, are used, in conjunction with other components, by AAHI and other parties, such as DOES 1 through 10, inclusive, to wirelessly control access through doors and other similar applications.

17.   On information and belief, AAHI makes, uses, tests, demonstrates, sells, offers to sell, and or imports into the United States a line of "Mobile Access" products which offer wireless, contactless door access via remote access controllers, such as Smartphone handsets.

18.   On information and belief, the AAHI "Mobile Access" products, such as the "VingCard" electronic lock products and related software, include circuitry that is used with door and gate locks and which may be configured to switch the lock between locked and unlocked positions.

19.   On information and belief, the AAHI "Mobile Access" products, such as the "VingCard" electronic lock products and related software, are configured to detect the presence of a user, such as DOES 1 through 10, inclusive, who may use a remote access device, such as a Smartphone handset, which includes an accelerometer, to wirelessly communicate commands to

switch the lock between locked and unlocked positions based upon a sensed acceleration.

20.    HID, based on information and belief, makes, uses, tests, demonstrates, sells, offers to sell, and/or imports into the United States mobile-enabled reader hardware and software products used for wireless access control in various applications such as door access. These products, such as the "iCLASS SE®" and "multiCLASS SE®" mobile-enabled readers, are used, in conjunction with other components, by HID and other parties, such as DOES 1 through 10, inclusive, to wirelessly control access through doors, gates, turnstiles, and other similar applications.

21.    On information and belief, HID makes, uses, tests, demonstrates, sells, offers to sell, and/or imports into the United States a line of "HID Mobile Access®" products which offer wireless door, gate, and turnstile access via remote access controllers, such as Smartphone handsets, "upon approaching an iCLASS SE® or multiCLASS SE® mobile-enabled reader."

22.    On information and belief, the HID mobile-enabled readers, such as the "iCLASS SE®" and "multiCLASS SE®," include circuitry that is used with door, gate, and turnstile locks and which may be configured to switch the lock between locked and unlocked positions.

23.    On information and belief, the HID mobile-enabled readers, such as the "iCLASS SE®" and "multiCLASS SE®," are configured to detect the presence of a user, such as DOES 1 through 10, inclusive, who may use a remote access device, such as a Smartphone handset, which includes an accelerometer, to wirelessly communicate commands to switch the lock between locked and unlocked positions based upon a sensed acceleration.

24.    On information and belief, the AAHI "Mobile Access" products, such as the "VingCard" electronic lock products and related software, and the "HID Mobile Access®" products, such as the "iCLASS SE®" and "multiCLASS SE®" mobile-enabled reader products and related software, incorporate the same Seos® technology.  Both AAHI and HID advertise their respective mobile access products as being "powered by" Seos.

25.    Starwood, based on information and belief, uses, tests, demonstrates, and/or imports into the United States, "Mobile Access" hardware and software products used for wireless access control in various applications such as door access.  These products, such as the "SPG® Keyless" products and related software, are used, in conjunction with other components, by Starwood and other parties, such as DOES 1 through 10, inclusive, to wirelessly control access through doors and other similar applications.

26.   On information and belief, Starwood uses, tests, demonstrates, and/or imports into the United States a line of mobile access products which offer wireless, contactless door access via remote access controllers, such as smartphone handsets.

27.   On information and belief, the Starwood "SPG® Keyless" products and related software, include circuitry that is used with door and gate locks and which may be configured to switch the lock between locked and unlocked positions.

28.   On information and belief, the Starwood "SPG® Keyless" products and related software, are configured to detect the presence of a user, such as DOES 1 through 10, inclusive, who may use a remote access device, such as a Smartphone handset, which includes an accelerometer, to wirelessly communicate commands to switch the lock between locked and unlocked positions based upon a sensed acceleration.

29.   On information and belief, Starwood incorporates AAHI's "Mobile Access" products into its "SPG Keyless®" system.   AAHI and Starwood advertise that the AAHI "Mobile Access" technology, such as the AAHI electronic lock products and related software, is used by Starwood in its "SPG Keyless®" system at hotels such as, for example, Aloft Orlando Downtown,

located in Orlando, Florida.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 9,057,210

30.    The allegations contained in paragraphs 1-29 above are repeated and realleged as if fully set forth herein.

31.    By making, using, testing, and demonstrating at trade shows and/or other venues the use of its "Mobile Access" products, such as the "VingCard" electronic lock products and related software in conjunction with other components, AAHI is directly infringing one or more claims of the '201 patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

32.    By making, using, testing, and demonstrating at trade shows and/or other venues the use of its "HID Mobile Access®" products, such as the "iCLASS SE®" and "multiCLASS SE®" mobile-enabled reader products and related software in conjunction with other components, HID is directly infringing one or more claims of the '201 patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

33.    By using and testing in the United States its "SPG® Keyless" products and related software in conjunction with other components, Starwood is directly infringing one or more claims of the '201 patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

34. By installing, testing, and/or using AAHI's "Mobile Access" products, such as the "VingCard" electronic lock products and related software in conjunction with other components, DOES 1 through 10 are directly infringing one or more claims of the '210 patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

35. By installing, testing, and/or using "HID Mobile Access®" products, such as the "iCLASS SE®" and "multiCLASS SE®" mobile-enabled reader products and related software in conjunction with other components, DOES 1 through 10 are directly infringing one or more claims of the '210 patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

36. By installing, testing, and/or using Starwood's "SPG® Keyless" products and related software in conjunction with other components, DOES 1 through 10 are directly infringing one or more claims of the '210 patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

37. AAHI is actively inducing infringement of at least claim 1 of the '210 patent by others, including DOES 1 through 10, by, among other things, actively inducing others to make, use, sell, offer to sell, and/or import into the United States its "Mobile Access" products, including, for example, the "VingCard" electronic lock products and related software, with knowledge of

the '210 patent at least as early as of the date of service of this Complaint, and with knowledge that the actions of DOES 1 through 10 so induced constitute infringement of the '210 patent. Thus, AAHI is liable for infringement under 35 U.S.C. § 271(b).

38.    HID is actively inducing infringement of at least claim 1 of the '210 patent by others, including DOES 1 through 10, by, among other things, actively inducing others to make, use, sell, offer to sell, and/or import into the United States its "HID Mobile Access®" products, including, for example, the "iCLASS SE®" and "multiCLASS SE®" mobile-enabled reader products and related software, with knowledge of the '210 patent at least as early as of the date of service of this Complaint, and with knowledge that the actions of DOES 1 through 10 so induced constitute infringement of the '210 patent. Thus, HID is liable for infringement under 35 U.S.C. § 271(b).

39.    Starwood is actively inducing infringement of at least claim 1 of the '210 patent by others, including DOES 1 through 10, by, among other things, actively inducing others to use its "SPG® Keyless" products and related software, with knowledge of the '210 patent at least as early as of the date of service of this Complaint, and with knowledge that the actions of DOES 1 through 10 so induced constitute infringement of the '210 patent. Thus,

Starwood is liable for infringement under 35 U.S.C. § 271(b).

40.　Defendants named as DOES in this action are actively inducing infringement of at least claim 1 of the '210 patent by other named DOES in this action, by, among other things, actively inducing those other DOES to make, use, sell, offer to sell, and/or import into the United States AAHI's "Mobile Access" products, including, for example, the "VingCard" electronic lock products and related software, with knowledge of the '210 patent at least as early as of the date of service of this Complaint, and with knowledge that the actions of those other DOES so induced constitute infringement of the '210 patent.　Thus, certain DOE defendants are themselves liable for infringement under 35 U.S.C. § 271(b).

41.　Defendants named as DOES in this action are actively inducing infringement of at least claim 1 of the '210 patent by other named DOES in this action, by, among other things, actively inducing those other DOES to make, use, sell, offer to sell, and/or import into the United States "HID Mobile Access®" products, including, for example, the "iCLASS SE®" and "multiCLASS SE®" mobile-enabled reader products and related software, with knowledge of the '210 patent at least as early as of the date of service of this Complaint, and with knowledge that the actions of those other DOES so

induced constitute infringement of the '210 patent.   Thus, certain DOE defendants are themselves liable for infringement under 35 U.S.C. § 271(b).

42.   Defendant AAHI is contributorily infringing the '210 patent by selling, offering to sell and/or importing in the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, such as the "Mobile Access" products, including, for example, the "VingCard" electronic lock products and related software, knowing the same is especially made or especially adapted for use in an infringement of the '210 patent by DOES 1 through 10.   The components, materials or apparatus are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Thus, AAHI is liable for infringement under 35 U.S.C. § 271(c).

43.   Defendant HID is contributorily infringing the '210 patent by selling, offering to sell, and/or importing in the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, such as the "HID Mobile Access®" products, including, for example, the "iCLASS SE®" and "multiCLASS SE®" mobile-enabled reader

products and related software, knowing the same is especially made or especially adapted for use in an infringement of the '210 patent by DOES 1 through 10. The components, materials or apparatus are not staple articles or commodities of commerce suitable for substantial noninfringing use. Thus, HID is liable for infringement under 35 U.S.C. § 271(c).

44.   Unikey has been and continues to be damaged by Defendants' infringement of the '210 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment:

(a)   Declaring that Defendants have infringed U.S. Patent No. 9,057,210;

(b)   Preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, from further infringement of the '210 patent;

(c)   Awarding Plaintiff damages adequate to compensate for Defendants' infringing activities, including supplemental damages for any post-verdict infringement up until entry of the final judgment with an accounting as needed, together with prejudgment and post-judgment interest on the damages awarded;

(d)   Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiff its reasonable costs and expenses of litigation, including attorneys' and experts' fees; and

(e)   Awarding Plaintiff such other and further relief as the Court
      may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 1.06(a), Plaintiff

demands a trial by jury on all issues so triable.

Dated:  June 16, 2015                    Respectfully submitted,


                                         Matthew Triggs (**Trial Counsel**)
                                         Florida Bar No. 0865745
                                         mtriggs@proskauer.com
                                         PROSKAUER ROSE LLP
                                         2255 Glades Road
                                         Suite 421 Atrium
                                         Boca Raton, FL  33431
                                         Telephone:   (561) 241-7400
                                         Facsimile:   (561) 241-7145

                                         Steven M. Bauer
                                         (*pro hac vice* application forthcoming)
                                         Mass. Bar No. 542531
                                         sbauer@proskauer.com
                                         Kimberly A. Mottley
                                         (*pro hac vice* application forthcoming)
                                         Mass. Bar No. 651190
                                         kmottley@proskauer.com
                                         Brendan S. Cox
                                         (*pro hac vice* application forthcoming)
                                         Mass. Bar No. 669482
                                         bcox@proskauer.com
                                         PROSKAUER ROSE LLP

One International Place
Boston, MA  02110
Telephone:  (617) 526-9600
Facsimile:   (617) 526-9899

*Attorneys for Plaintiff*
*Unikey Technologies, Inc.*